UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Mack, </br></br> Plaintiff, </br></br> vs. </br></br> Sumter Lee Regional Detention Center; </br> Simon Major, Director and Staff, </br></br> Defendants. | C/A No. 3:06-1034-CMC-JRM </br></br> Report and Recommendation |

The plaintiff, Michael Mack, ("Plaintiff") proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] The complaint names a government officer and/or employee as defendant,[2] and alleges claims regarding his prison conditions. Plaintiff is seeking only injunctive relief. Plaintiff is incarcerated at the Sumter Lee Regional Detention Center, and filed this action without prepayment of the filing fee under 28 U.S.C. § 1915. Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of § 1915.

As noted above, the complaint in this case has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) provides that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii).  A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992).  Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*.  Neitzke v. Williams, 490 U.S. 319 (1989); Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

The court may dismiss a claim as "factually frivolous" under § 1915(e) if the facts alleged are clearly baseless.  Denton, 504 U.S. at 31.  In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor.  Id.

This Court is required to liberally construe *pro se* documents, Estelle v. Gamble, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, Hughes v. Rowe, 449 U.S. 9 (1980) (*per curiam)*. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 174, 1278 (4th Cir. 1985).  Even under this less stringent standard, however, the *pro se* complaint in this case is subject to summary dismissal.

To state a claim under 42 U.S.C. § 1983, Plaintiff must sufficiently allege that he was injured by "the deprivation of any rights, privileges, or immunities secured by the [United States] Constitution and laws"  by a "person" acting  "under color of state law."  *See* 42

U.S.C. § 1983; Monroe v. Page, 365 U.S. 167 (1961); *see generally* 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1230 (2002).  It is well-settled that only "persons" may act under color of state law, and therefore, a defendant in a section 1983 action must qualify as a "person."

Plaintiff has named the Sumter Lee Regional Detention Center as a defendant.  The Sumter Lee Regional Detention Center is a group of buildings or a facility.  Inanimate objects such as buildings, facilities, and grounds cannot act under color of state law.  *See* Allison v. California Adult Auth., 419 F.2d 822, 823 (9th Cir. 1969)(holding California Adult Authority and San Quentin Prison are not "person[s]" subject to suit under § 1983); Preval v. Reno, 57 F.Supp.2d 307, 310 (E.D. Va. 1999)(holding the Piedmont Regional Jail is not a "person" and thus not amenable to suit under § 1983.); Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301(E.D. N.C. 1989)(holding claims under § 1983 are directed at "persons" and the jail is not a person amenable to suit.).  Hence, the Sumter Lee Regional Detention Center is not a "person" subject to suit under 42 U.S.C. § 1983.

The Plaintiff has also named "Staff" as defendants.  The use of the term "staff" as a name for alleged defendants, without naming specific staff members, is also not adequate to state a claim against a "person" as required in §1983 actions.  *See* Martin v. Univ. Conn. Health Care, 2000 WL 303262, *1 (D. Conn. Feb 9, 2000); Ferguson v. Morgan, 1991 WL 115759 (S.D.N.Y. Jun 20, 1991).  Accordingly, the Sumter Lee Regional Detention Center and "Staff" are not proper defendants and should be dismissed.

Further, Plaintiff has not alleged any relationship between the remaining named defendant, Director Simon Major, and the conduct of which he complains.  Plaintiff's failure to allege personal involvement by Major is fatal to his claim.  Furthermore, to the extent

3

Plaintiff relies on the doctrine of supervisory liability in alleging claims against Major, Plaintiff has failed to make any showing of supervisory liability. The Director of the Detention Center cannot be held liable for the actions of the medical or food-service personnel, even if they are his subordinates, unless these actions are the result of policies or customs for which he is responsible. See Vinnedge v. Gibbs, 550 F.2d 926, 927-29, & nn. 1-2 (4th Cir.1977) (holding respondeat superior doctrine not applicable in § 1983 cases). As Plaintiff has not made any such allegations, his claims against Major should also be dismissed.

As noted above, the Court is required to liberally construe a *pro se* complaint. However, Plaintiff's allegations regarding his prison conditions are not sufficient factual allegations to support any claim under § 1983 against any of the named defendants. Accordingly, Plaintiff's complaint should be dismissed.

### Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case ***without prejudice*** and without issuance and service of process. *See* Denton, 504 U.S. at 31; Neitzke, 490 U.S. at 319; Brown v. Briscoe, 998 F.2d 201, 202-204 & n. * (4th Cir. 1993); Todd v. Baskerville, 712 F.2d at 74; and 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine

whether they are subject to summary dismissal]. **The plaintiff's attention is directed to the notice on the following page.**

                                        Respectfully submitted,

May 17, 2006                        s/Joseph R. McCrorey
Columbia, South Carolina      United States Magistrate Judge

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The *Serious Consequences* of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service.  28 U.S.C. § 636;  Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail.  Fed. R. Civ. P. 6.  A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge.  *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976);  Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections.  **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.**  *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D.Utah 1995).  Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge.  *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985).  Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object.  In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues.  Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991).  *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985).  In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. . . . This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. . . .  We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review.  \* \* \*  A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046  (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").  **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.**  *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**901 Richland Street**
**Columbia, South Carolina 29201**